J-S08004-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JAMES ROBERT HILL | |
| Appellant | No. 184 WDA 2016 |

Appeal from the PCRA Order dated December 11, 2015
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s):  CP-02-CR-0009750-2013

BEFORE: GANTMAN, P.J., FORD ELLIOTT, P.J.E., and SOLANO, J.

MEMORANDUM BY SOLANO, J.:　　　　　　　　　**FILED JUNE 14, 2017**

Appellant James Robert Hill appeals from the order denying his petition for relief under the Post Conviction Relief Act ("PCRA").[1] For the reasons that follow, we vacate the order of the PCRA court and remand with instructions to hold an evidentiary hearing as set forth below.

On August 18, 2014, Appellant was found guilty by a jury of attempted homicide[2] and related counts.[3] Appellant was thereafter sentenced to an aggregate of thirty years and nine months to sixty-one and one-half years' incarceration. PCRA Ct. Op., 6/28/16, at 1. The court apprised Appellant on

---

[1] 42 Pa.C.S. §§ 9541-9546.

[2] 18 Pa.C.S. § 901(a).

[3] Appellant was convicted under the following statutes: 18 Pa.C.S. §§ 2702.1(a), 2702(a)(1), 2702(a)(3), 6106(a)(1), 5104, and 75 Pa.C.S. § 3733(a).

the record of his post-sentence and appellate rights. Appellant's court-appointed trial counsel did not file either a post-sentence motion or direct appeal. Counsel did not specifically move to withdraw.[4]

On October 31, 2014, Appellant filed a *pro se* "Motion to Modify/Reduce Sentence Nunc Pro Tunc." In the motion, Appellant asserted that he was abandoned by counsel, who failed to file either an oral or written post-sentence motion on his behalf. Appellant stated that he wished to challenge the discretionary aspects of the sentence imposed, he had advised counsel to file for reconsideration of his sentence and to perfect an appeal, and counsel's failure to do so constituted ineffectiveness. In response to this filing, on March 13, 2015, the PCRA court appointed new counsel ("PCRA counsel") to represent Appellant.[5]

Before appointed counsel took any action of record, on June 25, 2015, Appellant filed a *pro se* PCRA petition. In this petition, Appellant again claimed his trial counsel was ineffective for failing to pursue a post-sentence motion or appeal on Appellant's behalf. Appellant stated that he did not realize counsel abandoned him until he found out "from the law library," and that he never received notice that his judgment of sentence had become

_____

[4] Appointed trial counsel's obligation to represent Appellant ended when Appellant's judgment of sentence became final. Pa.R.Crim.P. 122(B)(2).

[5] The PCRA court correctly treated Appellant's *pro se* filing as a PCRA petition. *See **Commonwealth v. Taylor**, 65 A.3d 462, 465 (Pa. Super. 2013).

final after 30 days.[6] Appellant asserted that he did not knowingly or intentionally waive his right to file a post-sentence motion or a notice of appeal. Pursuant to Pa.R.Crim.P. 576(A), the court forwarded Appellant's *pro se* petition to PCRA counsel for further action.

On August 28, 2015, PCRA counsel filed a motion to withdraw and a "no-merit" letter pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). In the letter, counsel explained that trial counsel was not ineffective for failing to challenge the sentences received by Appellant because any challenges would be lacking in merit. PCRA counsel arrived at this conclusion after establishing that the sentences received by Appellant did not exceed the legal maximum and were within the guidelines ranges; the trial court had listed the reasons for the sentences on the record; and the trial court did not consider any inappropriate factors.

In addition, counsel asserted that, contrary to the allegations in his PCRA petition, Appellant did receive notice of finality of his sentences because he was informed on the record, during sentencing, of the deadlines by which he must file a post-sentence motion or direct appeal. Appellant's PCRA counsel also conversed with Appellant's trial counsel and reported in

---

[6] Because no post-sentence motion or appeal was filed, Appellant's judgment of sentence became final thirty days after the trial court imposed sentence. Pa.R.A.P. 903(c)(3).

the no-merit letter that trial counsel advised Appellant of his right to file and the deadlines for filing a post-sentence motion and direct appeal.[7]

On September 1, 2015, the PCRA court issued a notice of its intention to dismiss Appellant's PCRA petition without a hearing, pursuant to Pa.R.Crim.P. 907, and granted PCRA counsel leave to withdraw. The court stated that it was denying relief "for the reasons stated in [the no-merit] letter," and gave Appellant 30 days to respond to the Rule 907 notice.

Appellant filed a timely *pro se* response,[8] again raising trial counsel's ineffectiveness for failing to file a post-sentence motion and direct appeal, and also claiming that "PCRA counsel is also ineffective for failing to raise this claim and also for failing to investigate and develop[] any claims of her

---

[7] The applicable portion of the no-merit letter states:

[U]ndersigned counsel spoke with trial counsel, Mr. Foreman, who said he visited [Appellant] after sentencing and advised [Appellant] of his right to file post-sentence motions and direct appeal. [Appellant] told Mr. Foreman he would think about it, to which Mr. Foreman warned him of the 10-day deadline to file post-sentence motions and 30-day deadline to file a direct appeal. Mr. Foreman also advised [Appellant] that he would not file anything unless he heard back from [Appellant], and [Appellant] never contacted Mr. Foreman requesting that any action be taken.

No-Merit Letter, 8/28/15, at 12.

[8] Appellant's response was docketed as filed on October 6, 2015, but signed by Appellant on September 27, 2015. Pursuant to the prisoner mailbox rule, the date an incarcerated *pro se* defendant submits his document to the prison authorities is deemed the effective date of its filing. **See** **Commonwealth v. Wilson**, 911 A.2d 942, 944 n.2 (Pa. Super. 2006). Thus, Appellant's response to the court's Pa.R.Crim.P. 907 notice was timely.

own leaving [Appellant] to fend for himself." Appellant alleged that he directed trial counsel to file post-sentence motions and an appeal through both mail and telephone conversations.[9]

On December 15, 2015, the PCRA court entered a final order that dismissed Appellant's PCRA petition.[10] Appellant filed a timely *pro se* notice of appeal on January 8, 2016.[11] In his appeal, Appellant poses the following questions for our review:

> Did trial counsel act ineffectively by abandoning [Appellant] and failing to offer oral or written post-trial motions?
>
> Did PCRA counsel act ineffective[ly] by not attacking trial counsel[']s ineffectiveness claims by [Appellant]?
>
> Did [the] trial court abuse its discretion by not serving an order on [Appellant] appointing [Appellant] Post-conviction counsel?
>
> Did [the] trial court abuse its discretion by dismissing [Appellant's] first timely PCRA petition without a hearing where material fact existed as to violation of Pa. Const. Art. 5 Section 9?

---

[9] In addition to asking that his excessive-sentence claim be raised in a post-sentence motion *nunc pro tunc*, Appellant also asserted, for the first time, a request to challenge the weight of the evidence supporting his conviction.

[10] Although Appellant's initial *pro se* motion to modify his sentence *nunc pro tunc* and his subsequent *pro se* PCRA petition reference only Docket Number CP-02-CR-0009750-2013, the PCRA court's final order dismissing Appellant's PCRA petition also referenced a related case involving Appellant, No. CP-02-CR-0005910-2013. As no appeal was taken in that case, we do not address the actions of the PCRA court relating to that docket number.

[11] Appellant's initial notice of appeal referenced only docket number "9702-2011," an unrelated case. On February 3, 2016, Appellant filed an "amended" notice of appeal, clarifying that he wished to appeal in Docket Number CP-02-CR-0009750-2013 instead.

Appellant's Brief at 2 (unpaginated).

In addition to reiterating his previous arguments, Appellant's brief argues to this Court that he never received notice that PCRA counsel was appointed to represent him and that his trial counsel was ineffective for failing to introduce medical records at trial to support a diminished capacity defense. ***See*** Appellant's Brief at 4-5 (unpaginated). These issues are waived because they were not previously raised by Appellant in the PCRA court and may not be raised for the first time on appeal. ***See Commonwealth v. Mikell***, 968 A.2d 779, 782 (Pa. Super. 2009) (citing Pa.R.A.P. 302(a)), ***appeal denied***, 985 A.2d 971 (Pa. 2009).

> For the remaining claims, we employ the following standard of review:
>
> We review an order dismissing a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level. This review is limited to the findings of the PCRA court and the evidence of record. We will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error. This Court may affirm a PCRA court's decision on any grounds if it is supported by the record. Further, we afford great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record.

***Commonwealth v. Markowitz***, 32 A.3d 706, 711 (Pa. Super. 2011) (citations omitted), ***appeal denied***, 40 A.3d 1235 (Pa. 2012)).

Appellant primarily argues that (1) his trial counsel was ineffective for failing to file post-sentence motions and a notice of appeal, and (2) subsequent PCRA counsel was also ineffective for failing to pursue (and thereby waiving) this claim. Appellant has therefore presented a "layered" ineffectiveness claim. ***See generally Commonwealth v. McGill***, 832 A.2d

1014, 1021-23 (Pa. 2003) (explaining that in a layered ineffectiveness claim, present counsel must raise whether intermediate counsel were ineffective for failing to raise, and thereby waiving, an underlying claim of ineffectiveness).

**Notice of Appeal**

In assessing Appellant's claim, we apply the well-settled test first established in *Commonwealth v. Pierce*, 527 A.2d 973, 975 (Pa. 1987):

> To prevail on an ineffectiveness claim, appellant must establish: (1) the underlying claim has arguable merit; (2) no reasonable basis existed for counsel's actions or failure to act; and (3) [appellant] suffered prejudice as a result of counsel's error such that there is a reasonable probability that the result of the proceeding would have been different absent such error.

*Commonwealth v. Fears*, 86 A.3d 795, 804 (Pa. 2014). Counsel is presumed effective, and a petitioner bears the burden of proving otherwise. *Id.* "However, in certain limited circumstances, including the actual or constructive denial of counsel, prejudice may be so plain that the cost of litigating the issue of prejudice is unjustified, and a finding of ineffective assistance of counsel *per se* is warranted." *Commonwealth v. Rosado*, 150 A.3d 425, 429 (Pa. 2016). This exception applies in cases where counsel actually or constructively denied a defendant his right to appeal, such as where counsel fails to file or perfect a requested appeal. *Id.* at 430-431 (citing *Commonwealth v. Lantzy*, 736 A.2d 564, 566 (Pa. 1999)). Appellant claims that this is such a case.

Where counsel is alleged to have abandoned a defendant by failing to file or perfect an appeal, the appropriate procedure is to file a PCRA petition

seeking reinstatement of appeal rights *nunc pro tunc*. **Commonwealth v. Bennett**, 930 A.2d 1264, 1269 (Pa. 2007). While a defendant can waive his right to appeal, "no waiver can be presumed where the record is silent," and where a petitioner alleges that he directed trial counsel to file an appeal, an evidentiary hearing is required. **Commonwealth v. Bronaugh**, 670 A.2d 147, 148-49 (Pa. Super. 1995). **Compare Commonwealth v. Baker**, 880 A.2d 654, 657 (Pa. Super. 2005) (noting PCRA hearing established that trial counsel failed to file requested appeal), **with Commonwealth v. Hernandez**, 755 A.2d 1, 11-12 (Pa. Super. 2000), **aff'd in part**, 817 A.2d 479 (Pa. 2003) (stating no evidentiary hearing required where record was clear that the appellant directed trial counsel to challenge the discretionary aspects of his sentence and perfect an appeal on that issue).

"Where a defendant does not ask his attorney to file a direct appeal, counsel still may be held ineffective if he does not consult with his client about the client's appellate rights." **Markowitz**, 32 A.3d at 714.

> In analyzing whether there is a constitutional mandate to consult with a defendant about his appellate rights, the Supreme Court opined that a court must determine if [(1)] a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing. Where a petitioner can prove either factor, he establishes that his claim has arguable merit.

*Id.* at 716 (quotation marks and citation omitted). Whether an attorney's failure to consult with his client regarding appellate rights rendered his assistance ineffective depends on whether the client suffered actual

prejudice. ***Id.*** A defendant has suffered prejudice when, "but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed." ***Id.***[12]

Appellant claims that he did not knowingly or intentionally waive his right to file a post-sentence motion or a notice of appeal. Thus, his claim of trial counsel ineffectiveness has arguable merit. ***McGill***, 832 A.2d at 1021-23; ***Rosado***, 150 A.3d at 430. As the trial record is silent as to the waiver of Appellant's rights, an evidentiary hearing on this issue was required. ***Bronaugh***, 670 A.2d at 148-49; ***see also Commonwealth v. Walls***, 993 A.2d 289, 305 (Pa. Super. 2010) (remanding for an evidentiary hearing by the PCRA court where the resolution of genuine issues of material fact would affect a finding of trial counsel's ineffectiveness).

The PCRA court did not hold such a hearing. Instead, it concluded that Appellant was not deprived of his rights to file post-sentence motions or to appeal and based that conclusion on the no-merit letter provided by PCRA counsel. Summarizing that letter, the PCRA court stated:

> Trial counsel advised post-conviction counsel that trial counsel had discussed [Appellant]'s right to file post-sentence motions and a direct appeal with him. Trial counsel also discussed the deadlines in which [Appellant] would have to act should he wish to file post-sentence motions or a direct appeal. Finally, trial counsel advised [Appellant] that if he did not hear back from

---

[12] Furthermore, counsel's advice regarding a defendant's appellate rights must not be erroneous. "Accordingly, where a petitioner can establish that but for counsel's erroneous advice, he would have filed a direct appeal, he is entitled to the reinstatement of his direct appeal rights." ***Markowitz***, 32 A.3d at 717.

[Appellant], that he would not file any post-sentence motions or appeal. Lastly, trial counsel advised post-conviction counsel that trial counsel was not contacted by [Appellant] for the purposes of filing either post-sentence motions or an appeal. It thus appears that there is no basis for [Appellant]'s claim that counsel was ineffective in failing to take steps that [Appellant] never asked him to take. Accordingly, [Appellant]'s claim of ineffective assistance is without merit.

PCRA Ct. Op. at 5-6.

We find the PCRA court's conclusions unsupported by the record. None of the information on which the court based its reasoning was provided to the court under oath or was subject to cross-examination by Appellant. The PCRA record is silent — because there is no such record — on whether trial counsel actually advised or corresponded with Appellant. The no-merit letter from PCRA counsel is not evidence, and anything the letter says about what trial counsel purportedly told PCRA counsel is mere hearsay.[13] Appellant therefore is entitled to a remand for a hearing to determine whether his trial counsel was ineffective.

With respect to Appellant's PCRA counsel, the record discloses no reasonable basis for that lawyer's failure to pursue Appellant's claim regarding his trial counsel and to request an evidentiary hearing on that

---

[13] The PCRA court, like PCRA counsel, also relied on the fact that Appellant had been apprised during the sentencing hearing of the deadlines for filing a post-sentence motion or notice of appeal. PCRA Ct. Op. at 6. However, this notice would have alerted Appellant only of the time within which he had to request that his attorney file these documents on his behalf. The notice does not resolve whether counsel was ineffective for failing to comply with such a request.

claim. **See McGill**, 832 A.2d at 1023 (in rare instances, the basis of second counsel's strategy in a layered ineffectiveness claim is clear and obvious from the record); **Hernandez**, 755 A.2d at 12 (failure to perfect requested appeal obviously lacks reasonable basis). PCRA counsel's actions prejudiced Appellant's ability to obtain reinstatement of his appellate rights. **See Rosado**, 150 A.3d at 430 (failure to file or perfect requested appeal results in *per se* prejudice to defendant). We therefore conclude that PCRA counsel provided ineffective assistance to Appellant on his petition.

Accordingly, we reverse the trial court's order dismissing Appellant's claims and remand so that the PCRA court may hold an evidentiary hearing to resolve whether Appellant requested trial counsel to file a post-sentence motion or appeal and whether Appellant's counsel consulted with Appellant about his appellate rights.[14] If Appellant proves his claims at that hearing, the trial court shall reinstate Appellant's appeal rights *nunc pro tunc*.

### Post-Sentence Motion

We also remand so that the trial court may determine whether Appellant shall be permitted to file a post-sentence motion *nunc pro tunc*, as

---

[14] Counsel shall be appointed for Appellant for this hearing. **See Commonwealth v. Robinson**, 970 A.2d 455, 457 (Pa. Super. 2009) ("Pursuant to the rules of criminal procedure and interpretive case law, a criminal defendant has a right to representation of counsel for purposes of litigating a first PCRA petition through the entire appellate process" (citing Pa.R.Crim.P. 904(c))).

- 11 -

such a motion is a prerequisite to preservation of the sentencing claims Appellant wishes to present on an appeal.

Where counsel fails to preserve the sole issue an appellant wishes to appeal, regardless of the merits of that issue, counsel's failure automatically prejudices the appellant, and reinstatement of post-sentence rights *nunc pro tunc* is the proper remedy. For example, in **Hernandez**, the appellant "sought to raise one issue on direct appeal, his challenge to the discretionary aspects of his sentence." 755 A.2d at 8. Counsel, however, failed to preserve the issue by objecting at the time the sentence was imposed or by filing a post-sentence motion. *Id.* at 3. We held that waiver of the appellant's sole issue effectively denied his entire right to appeal. *Id.* at 8-9 (citing, among other cases, **Commonwealth v. Ciotto**, 555 A.2d 930, 931 (Pa. Super. 1989)). We explained:

> We expressly distinguish herein cases like the present where direct appeal counsel's ineffectiveness waived all the issues that the post-conviction petitioner wished to raise from those cases where direct appeal counsel simply did not raise every issue requested by the criminal defendant. Clearly, in both situations, the criminal defendant has a right to effective representation. However, in the later situation, counsel's conduct may, in fact, have been effective, despite not raising every issue which the defendant believes is meritorious. *. . .*
>
> Thus, a PCRA petitioner is entitled to an appeal *nunc pro tunc* where prior counsel's actions, in effect, entirely denied his right to a direct appeal, as opposed to a PCRA petitioner whose prior counsel's ineffectiveness may have waived one or more, but not all, issues on direct appeal.

*Hernandez*, 755 A.2d at 9 n.4 (citations omitted); *accord Commonwealth v. Halley*, 870 A.2d 795, 801 (Pa. 2005); *Commonwealth v. Pulanco*, 954 A.2d 639, 642 (Pa. Super. 2008).

Similarly, in *Commonwealth v. Johnson*, 889 A.2d 620, 623 (Pa. Super. 2005), the appellant's sole issue was a challenge to the discretionary aspects of his sentence. *Id.* at 623. Because counsel failed to file a Pa.R.A.P. 2119(f) Statement preserving this issue for appellate review, we found that prejudice was presumed and remanded for reinstatement of the appellant's direct appeal rights *nunc pro tunc*. *Id.* at 623-24[15]; *see also Commonwealth v. Lane*, 81 A.3d 974, 981 (Pa. Super. 2013) (remanding for reinstatement of appellate rights *nunc pro tunc* where defendant was constructively denied his right to appeal by counsel's failure to file Rule 1925(b) Statement); *cf. Commonwealth v. Reaves*, 923 A.2d 1119, 1128-29 (Pa. 2007) (where trial counsel's waiver of a discretionary sentencing claim did not deprive appellant of his right to direct appellate review of other claims, appellant needed to satisfy the actual prejudice standard to prevail on a collateral ineffectiveness claim against his trial counsel).

_____

[15] We noted in both *Hernandez* and *Johnson* that while an appellant does not have an absolute right to appellate review of the discretionary aspects of a sentence, an appellant has a right to *seek* such review, and that right must be protected by counsel. *Johnson*, 889 A.2d at 623-24; *Hernandez*, 755 A.2d at 12 n.6.

Instantly, Appellant claims that his trial counsel was ineffective for failing to file a post-sentence motion; and, because the only issues Appellant wished to pursue on direct appeal must be preserved in a post-sentence motion, such a failure by trial counsel would have constructively denied Appellant his right to appeal. **Hernandez**, 755 A.2d at 8-9. Appellant's claim therefore has arguable merit. Again, the trial record is silent regarding Appellant's waiver of his appellate rights.

The PCRA court and PCRA counsel both concluded that Appellant's ineffectiveness claims lacked merit because they concluded that his underlying claims lacked merit. **See** PCRA Ct. Op. at 3-4 (stating that Appellant's sentence "was neither illegal nor an abuse of discretion," "was imposed after a consideration of the crimes for which [Appellant] was convicted, his prior criminal record, as well as a review of the presentence report," "followed the dictates of the Sentencing Code," and "was the minimum confinement consistent with the gravity of the offenses that [Appellant] committed, along with the need to protect the public, while considering [Appellant's] needs for rehabilitation"); No-Merit Letter, 8/28/15, at 4-12.[16] This analysis was error. The PCRA court and PCRA counsel improperly focused on the substantive merits of Appellant's purported challenge to the discretionary aspects of Appellant's sentence,

_____

[16] Although Appellant raised in his response to the Rule 907 notice that he also wished to file a post-sentence motion to challenge the weight of the evidence, the PCRA court did not address this claim.

- 14 -

rather than on whether Appellant was denied his **right to appeal** the discretionary aspects of his sentence. ***See Hernandez***, 755 A.2d at 8. This question of the denial of Appellant's right to appeal fundamentally precedes the analysis of the merits of Appellant's underlying claims, because a petitioner whose counsel failed to file or perfect an appeal need not demonstrate the merits of whatever issues he would have raised on appeal. ***Commonwealth v. Lantzy***, 736 A.2d 564, 572 (Pa. 1999). PCRA counsel's failure to pursue reinstatement of Appellant's post-sentence rights in conjunction with reinstatement of his appellate rights lacked a reasonable basis and prejudiced Appellant. ***McGill***, 832 A.2d at 1023; ***Hernandez***, 755 A.2d at 8-9.

We have ordered a remand so that the PCRA court may consider whether to reinstate Appellant's appeal rights. Here, as in ***Hernandez*** and ***Johnson***, the sole issues Appellant wishes to raise if his appeal rights are reinstated are issues that must be preserved in a post-sentence motion. Therefore, if the PCRA court determines on remand that Appellant should have his direct appeal rights reinstated *nunc pro tunc*, the court shall permit Appellant to file a post-sentence motion *nunc pro tunc* as well. If the PCRA court concludes that Appellant should not have his right to file a direct appeal reinstated *nunc pro tunc*, then the PCRA court may determine

whether Appellant's trial counsel was ineffective for failing to pursue the discretionary sentencing claim based on the merits of that issue.[17]

Order vacated. Case remanded with instructions. Jurisdiction relinquished.

Judgment Entered.

*[signature]*

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/14/2017

---

[17] We recognize that the PCRA court has already determined that the underlying challenge to the discretionary aspects of Appellant's sentence lacks merit. **See** PCRA Ct. Op. at 3-4. However, we decline to review the merits of this issue on the current record, where the specific issues asserted by Appellant have not been briefed by counsel. **Cf. Hernandez,** 755 A.2d at 12 (rather than remand for reinstatement of the appellant's direct appeal rights *nunc pro tunc*, the Court reviewed the underlying discretionary sentencing claim on the record, where the record included a counseled appellate brief addressing the specific challenges to the sentence).